McPHERSON *v.* WATERS.

1. PLEADING — AMENDMENT WITHOUT LEAVE OF COURT — CIRCUIT
   COURT RULE.
   Under Circuit Court Rule No. 28, a bill may be amended
   in form and substance before plea or answer without
   leave of the court.[1]

2. SAME—FILING SECOND BILL UNDER SAME CALENDAR NUMBER
   CONSIDERED AN AMENDMENT.
   Where the summons in a suit against the guardian of
   an incompetent person to foreclose a mortgage was re-
   turned unserved by reason of the death of said guardian,
   the filing of a second bill under the calendar number of
   the first, naming the incompetent as defendant, and caus-
   ing summons to be served on him, must be considered an
   amended bill.[2]

3. MORTGAGES—VALIDITY OF MORTGAGE AND FORECLOSURE NOT SUB-
   JECT TO COLLATERAL ATTACK.
   Where an incompetent person, through his guardian, had
   his day in court upon the sufficiency of the bill to fore-
   close a mortgage upon his land, his guardian may not,
   in a collateral suit, try out the questions involved in the
   foreclosure suit.[3]

4. SAME—CONFIRMATION OF JUDICIAL SALE MAY BE ATTACKED ONLY
   IN SUIT ORDERING SALE.
   An objection that a judicial sale has not been confirmed
   may be made only in the suit in which the sale was
   ordered.[4]

5. SAME—AUTHORITY OF PROBATE COURT TO AUTHORIZE MORTGAGING
   INCOMPETENT'S HOMESTEAD.
   An objection that the probate court was without juris-
   diction to authorize the guardian of an incompetent person
   to mortgage the ward's homestead because forbidden by
   the statute (3 Comp. Laws 1915, § 14035) except to lift
   an existing lien is without merit where it appears that

[1]Pleading, 31 Cyc. p. 364; [2]Id., 31 Cyc. p. 360 (1926 Anno);
[3]Mortgages, 27 Cyc. p. 1669; [4]Judicial Sales, 35 C. J. § 60.

there was an existing mortgage which was paid by part of the money procured by the guardian.[5]

6. PLEADING—RELIEF INCONSISTENT WITH PLEADING MAY NOT BE GRANTED.

Where a bill was filed by the guardian of an incompetent person against the ward's daughter and her husband, attacking the validity of a mortgage on the ward's farm and its foreclosure, plaintiff is not entitled to relief on the theory that in buying the farm from the mortgagee the daughter declared her purpose in doing so to be for her father's benefit and that this constituted a declaration of trust to which she should be held, since said relief would be wholly inconsistent with plaintiff's bill.[6]

7. EQUITY—CANCELLATION OF INSTRUMENTS—UNCONSCIONABLE RELIEF WILL NOT BE GRANTED.

In a suit by the guardian of an incompetent person praying that his ward's daughter and her husband be put out of possession of the homestead farm and that title be restored to the father without reimbursing them for money spent in buying the farm from the mortgagee after foreclosure, in redeeming from tax sales, in the payment of taxes, and in caring for the father, the finding of the court below that the daughter had left her own home in another State to come and care for her father, which she is still doing, that she has spent more than $2,000 on the farm and in caring for her father, *held*, sufficient to justify the decree dismissing the bill.[7]

Appeal from Kent; Dunham (Major L.), J.      Submitted June 5, 1924.      (Docket No. 39.)      Decided October 6, 1924.

Bill by Melville B. McPherson, guardian of Edward Dickson, a mentally incompetent person, against Reginald P. Waters and another to set aside a foreclosure sale and confirmation.      From a decree dismissing the bill, plaintiff appeals.      Affirmed.

*Edgar A. Maher*, for plaintiff.

*Howard A. Ellis* and *John M. Dunham*, for defendants.

[5]Insane Persons, 32 C. J. § 456; [6]Equity, 21 C. J. § 855; [7]Cancellation of Instruments, 9 C. J. § 7.

Wiest, J.    Defendants are in possession of a farm in Kent county, under claim of ownership, and upon which they have made extensive and necessary improvements.    Plaintiff, as guardian of Edward Dickson, a mentally incompetent person, filed the bill herein to have defendants' possession decreed to be unlawful and title to the farm in Mr. Dickson.    Diana Waters is Dickson's daughter.    The issues involve the validity of a real estate mortgage and its foreclosure.    August 25, 1899, Edward Dickson was adjudged insane and ordered admitted to the State hospital at Kalamazoo, and a little later his wife was appointed his guardian and, as such, asked the probate court for license to mortgage the farm and was granted leave to do so, and gave and executed a mortgage thereon for $1,000. This mortgage was foreclosed in equity and the farm purchased by the mortgagee who conveyed to defendant Diana Waters.    Diana Waters took possession of the farm, repaired the buildings, paid delinquent taxes, improved the farm and has supported and maintained her father.    Plaintiff presents many points and asks the aid of equity but tenders no offer to do the right thing.    The circuit judge found the points had no merit and dismissed the bill.    The case is evidently a family fight, waged by the guardian in behalf of the brothers of Diana Waters, and in which the interests of the old father constitute but an incident necessary to give the court jurisdiction.

October 17, 1908, the probate court for Kent county found that Mr. Dickson had recovered from his insanity and declared him sane and mentally sound. Mrs. Dickson filed her final account as guardian, tendered her resignation, Mr. Dickson consented thereto and she was discharged January 28, 1908.    In 1913, Mr. Ward was appointed guardian for Mr. Dickson, but died in January, 1919, and Mr. Dickson was without a guardian until September 10, 1919, when Mr. McPherson was appointed.

The foreclosure decree was made in the Kent circuit on May 5, 1919, and the premises sold thereunder on September 15, 1919. Mr. McPherson at the time of his appointment was aware of the foreclosure proceedings and after the sale, and on February 16, 1920, procured an order authorizing him to mortgage the premises for the sum of $954.65, the purpose being to redeem from the foreclosure. Mr. McPherson expected to arrange with Mrs. Waters so as to have her take the mortgage but soon discovered that unpaid taxes would require more money than authorized and asked the probate court to authorize a mortgage in the sum of $1,500. Mrs. Waters declined to take such a mortgage and surrender her rights.

In January, 1919, the mortgagee started foreclosure proceedings in equity, making James Henry Ward, guardian of Edward Dickson, defendant. Summons was returned unserved by reason of the death of Mr. Ward. Thereupon, without discontinuing such case, the mortgagee, without leave of court, filed a second bill of complaint naming Edward Dickson defendant and caused summons to be served on him. This bill was filed under the calendar number of the first and must be considered an amended bill, made necessary by the death of the guardian, and to make Mr. Dickson defendant in person as he then had no guardian. A bill may be amended in form and substance before plea or answer without leave of the court (Circuit Court Rule No. 28). The bill alleged the giving of the mortgage by the guardian, but did not aver the guardian had been licensed to give it, or had been appointed guardian of Edward Dickson, a mentally incompetent person. Mr. Dickson did not enter his appearance in the case and the court, on application of plaintiff, appointed a guardian *ad litem* who made the usual answer, submitting the interests of the incompetent to the judgment of the court.

This attack cannot be sustained. Mr. Dickson had

his day in court upon the sufficiency of the bill, and his guardian cannot now, in this collateral suit, try out questions there involved.   Beyond this we are persuaded the bill sufficiently alleged a valid mortgage and the points now made relate more to matters of evidence than to essential allegations.   It `is also claimed that no order confirming the sale under the decree of foreclosure was made, and no right of possession accrued to the purchaser until confirmation.

It is stated in 35 C. J. p. 44:

"While a judicial sale is not complete until confirmed by the court, it is not a nullity until such confirmation; and while the confirmation is not the sale, but only an approval, the purchaser acquires vested rights prior to the confirmation."    and

"An objection that a judicial sale has not been confirmed can be made only in the suit in which the sale was ordered."

It is claimed the probate court was without jurisdiction to authorize the guardian to mortgage the farm, because it was the ward's homestead, and the statute forbids such a mortgage except to lift an existing lien (3 Comp. Laws 1915, § 14035).   There was an existing mortgage on the farm and upwards of $900 of the money procured by the guardian was used to pay such existing mortgage.   While the petition to mortgage was somewhat defective, what was done was actually within the law and we will let it rest there.   Besides this, the farm mortgaged had 160 acres of land, and the asserted homestead could cover but 40 acres thereof, not exceeding $1,500 in value.   Had this point been seasonably raised and sustained the court of equity would have subrogated the second mortgagee to the rights of the first by revivor of the first mortgage.

Counsel asserts, in his brief, that Diana Waters declared her purpose in obtaining rights held by the mortgagee to be for her father's benefit and this con-

stituted a declaration of trust and we should hold her thereto. To so hold would grant relief wholly inconsistent with plaintiff's bill.

Plaintiff insists that defendants be put out of possession without a cent to reimburse them for money spent in purchasing the farm from the purchaser at the foreclosure sale, lose all they have expended in improving the farm and buildings and have nothing for the care and support of plaintiff's ward since they took possession of the farm. Plaintiff is entitled to no such relief.

The circuit judge found that defendant Diana Waters left her home in New York, came here to care for her father: "and has cared for him splendidly ever since and is so caring for him now," and she has made his home comfortable, and defendants have spent more than $2,000 in caring for him and in redeeming the farm from tax sales and the paying of taxes against the property.

We have considered all the points advanced in behalf of plaintiff and have discussed such as deserve mention. It would be unconscionable to grant plaintiff the relief he asks.

The decree dismissing the bill is affirmed, with costs to defendants.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.